IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VLADIMIR A. VASHCHUK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 3:09-00905 |
| v. ) | Judge Trauger / Knowles |
| ) | |
| DAVID BRAKE AND SECURITAS ) | |
| SECURITY SERVICES, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Defendant David Brake's Motion to Dismiss.[1] Docket No. 9. Defendant Brake has contemporaneously filed a supporting Memorandum of Law. Docket No. 10.

Plaintiff, acting pro se, has filed a Response to Defendant Brake's Motion to Dismiss. Docket No. 18.

Plaintiff, a former employee of Defendant Securitas Security Services, filed this action pursuant to 42 U.S.C. § 2000e, *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), alleging national origin discrimination. Docket No. 1. Plaintiff sues Field Service Manager David Brake and Securitas Security Services, Inc. *Id.* Plaintiff seeks compensatory and punitive damages, back pay with interest, and a written apology. *Id.*

Defendant Brake filed the instant Motion to Dismiss and supporting Memorandum of

---

[1]Defendant Securitas Security Services is not a party to the instant Motion.

1

Law on December 7, 2009. Docket Nos. 9 and 10. Defendant Brake argues that Plaintiff's claims against him should be dismissed because there is no individual liability under Title VII. Docket No. 10.

Plaintiff filed his Response on December 16, 2009. Docket No. 18. Plaintiff argues that he did not file the lawsuit against Defendant Brake as an individual, but rather, named him as a Defendant because he, as the field service manager of Defendant Securitas Security Services, was the person discriminating against him. *Id.*

Defendant Brake is correct in his assertion that Title VII imposes liability on "employers." *See* 42 U.S.C. § 2000e-2. Plaintiff is unable to sustain his claim against Defendant Brake because he is not an employer as defined by Title VII, and Title VII does not provide for individual liability against those who are not employers within its meaning. *Id. See also Wathen v. General Elec. Co.*, 115 F.3d 400, 404-405 (6th Cir. 1997). Defendant Brake, as a field service manager, is employed by Defendant Securitas Security Services, Inc. As has been noted, Title VII prohibits discrimination by an employer. The Sixth Circuit has held that an individual employee or supervisor, who does not otherwise qualify as an "employer," may not be held personally liable under Title VII. *Wathen v. General Elec. Co.*, 115 F.3d 400, 404-405 (6th Cir. 1997).

Because Defendant Brake was not Plaintiff's employer, Title VII does not provide for the imposition of individual liability on him, and Plaintiff's Complaint fails to state a claim upon which relief may be granted with respect to Defendant Brake. Accordingly, the undersigned recommends that Defendant Brake's Motion to Dismiss be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14)

days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections.  Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge