IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VLADIMIR A. VASHCHUK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:09-0905 |
| v. | ) Judge Trauger / Knowles |
| | ) |
| DAVID BRAKE AND SECURITAS SECURITY SERVICES, | ) |
| | ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION

Presently pending before this Court is a Motion to Dismiss for Failure to Prosecute filed by Defendant Securitas Security Services USA, Inc. Docket No. 37. Defendant has contemporaneously filed a supporting Memorandum of Law. Docket No. 38.

Plaintiff has not responded to Defendant's Motion.

Plaintiff filed the instant lawsuit on September 29, 2009, alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991. Docket No. 1. Plaintiff avers that Defendants discriminated against him on the basis of his national origin. *Id.* Plaintiff also avers that Defendants failed to promote him, and wrongfully terminated his employment. *Id.* Plaintiff seeks a written apology and monetary damages. *Id.*

Defendant filed the pending Motion and supporting Memorandum on November 8, 2010. Docket Nos. 37, 38. Defendant contends that the undersigned should dismiss Plaintiff's lawsuit pursuant to Fed. R. Civ. P. 37(d) and 41(b) because Plaintiff has failed to respond to its

1

discovery requests, and has "failed to accept Court Orders setting forth necessary deadlines."

Docket No. 38.

Fed. R. Civ. P. 37(d) states:

> **(d) Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.**
>
> **(1)** *In General.*
>
> **(A)** *Motion; Grounds for Sanctions.* The court where the action is pending may, on motion, order sanctions if:
>
> **(i)** a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition; or
>
> **(ii)** a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.
>
> **(B)** *Certification.* A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.
>
> **(2)** *Unacceptable Excuse for Failing to Act.* A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).
>
> **(3)** *Types of Sanctions.* Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 41(b) states:

> **(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

On August 4, 2010, Defendant sent Plaintiff its Rule 26(a) Initial Disclosures via certified mail. Docket No. 38, Ex. 1, Affidavit of Russell W. Jackson ("Jackson Aff."), ¶ 2. Along with it, Defendant enclosed its First Set of Interrogatories and its "First Requests for Production of Documents, Writings and Things." *Id.*, ¶ 3. Plaintiff's responses were due September 6, 2010. *See* Fed. R. Civ. P. 6(d), 33(b)(2), 34(b)(2)(A). Plaintiff failed to provide any responses to these discovery requests. Jackson Aff., ¶ 5. Plaintiff also failed to provide his Rule 26(a) Initial Disclosures. *Id.*

Defendant's counsel has attempted to telephone Plaintiff multiple times at the telephone number listed on the Court's docket. *Id.*, ¶ 6. That telephone number is not in service, however. *Id.* In Defendant's August 4, 2010 correspondence to Plaintiff, Defendant's counsel requested that Plaintiff contact him, but Plaintiff has not done so. *Id.,* ¶¶ 3, 5.

On October 14, 2010, Defendant's counsel sent Plaintiff another letter via both certified and regular mail requesting that Plaintiff contact him and inquiring about Plaintiff's discovery responses. *Id.*, ¶ 4. In that letter, Defendant's counsel indicated that he would file a Motion to Dismiss for Failure to Prosecute unless Plaintiff contacted him. *Id.* On November 8, 2010, the October 14, 2010 letter was returned to Plaintiff's counsel as unclaimed. *Id.* Plaintiff likewise did not claim either the Court's July 2, 2010 Scheduling Order or its July 6, 2010 Order setting,

3

*inter alia*, the trial date. *See* Docket Entry Nos. 30, 32, 35, 36.

As of the filing date of this Motion, Plaintiff has not contacted Defendant's counsel or provided any discovery responses. Jackson Aff., ¶ 5.

The Sixth Circuit considers four factors when deciding whether to dismiss an action pursuant to Fed. R. Civ. P. 37 or 41. *Coleman v. American Red Cross*, 23 F.3d 1091, 1094, n. 1 (6th Cir. 1994). The four factors are: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Harmon v. CSX Transportation, Inc.*, 110 F.3d 364, 366-367 (6th Cir. 1997).

In the case at bar, Plaintiff has not contacted Defendant's counsel, has not responded to any requests, and has not provided any reason for his refusal to participate in discovery. Plaintiff filed this lawsuit, and his refusal to engage in the discovery process or communicate to Defendant's counsel can be deemed to be due to "willfulness, bad faith, or fault." Additionally, Defendant has been prejudiced by Plaintiff's failure to participate in discovery because it has been unable to secure any information from Plaintiff whatsoever. Defendant cannot adequately prepare for trial when it does not know what facts, documents, or witnesses Plaintiff alleges supports his claims. With regard to whether Plaintiff has been warned that his failure to comply with discovery rules could result in the dismissal of his action, Defendant's counsel explicitly stated so in his October 14, 2010 letter to Plaintiff. Moreover, the filing of the instant Motion can also be deemed to provide notice to Plaintiff that the dismissal of his action is being

4

contemplated. Finally, Plaintiff's complete lack of participation in this lawsuit demonstrates that he is unwilling to further prosecute this lawsuit, and dismissal is appropriate.

For the foregoing reasons, the undersigned recommends that Defendant's Motion to Dismiss for Failure to Prosecute be GRANTED, and that this action be DISMISSED.[1]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge

---

[1] The only other Defendant, David Brake, has previously been dismissed. Docket No. 28.